IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                            Case No. 1:17-cr-2012-JMC

ALAN WEBER,

     Defendant.


**ORDER DENYING DEFENDANT'S MOTION FOR**
**EARLY TERMINATION OF SUPERVISED PROBATION**

On January 28, 2021, Defendant Alan Weber filed a motion for early termination of supervised probation (Doc. 68).   The Court held a hearing on February 25, 2021.   The Court does not believe that the factors in 18 U.S.C. § 3553(a) counsel in favor of early termination of supervised probation.   Furthermore, Defendant has not satisfied the Court that his conduct warrants early termination of probation, nor does the Court find that granting Defendant's motion for early termination is in the interests of justice.

I.       Background

On January 30, 2017, Defendant was having headaches, pain, and had a swollen face. Firefighters responded to Defendant's residence as Defendant was reported to have become unresponsive and his eyes were rolling in the back of his head.   Defendant's minor son guided a firefighter to Defendant's location.   The firefighter walked down the hallway and passed a large gun safe.   The firefighter then saw Defendant in a room pointing a firearm directly at the firefighter's head.   The firefighter retreated and called law enforcement from outside Defendant's residence.

Defendant's son told law enforcement that Defendant was not in his right mind and in a lot of pain.   The son reported that Defendant had access to several other firearms inside the home. Defendant locked up his gun and came outside.   Defendant appeared to have a seizure in the back of a police unit.   An ambulance transported Defendant to a local hospital.

Law enforcement obtained a search warrant for the gun safe, which revealed nineteen firearms, several boxes of ammunition, and multiple magazines.   One of the firearms was an unregistered, sawed-off shotgun.   Defendant was prohibited from possessing firearms because of a domestic violence conviction.   Defendant ultimately pleaded guilty to count two of an indictment, which charged him with possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d), 26 U.S.C. § 5841, and 26 U.S.C. § 5871.

Defendant's offense level was 19 and the criminal history category was I.   The Guideline imprisonment range was 30 to 37 months.   At sentencing, the Court granted Defendant a variance considering the nature and circumstances of the offense and the history and characteristics of Defendant pursuant to 18 U.S.C. § 3553(a)(1).   Defendant was ill and intoxicated and no one was injured.   He was pending state charges for pointing the firearm at the firefighter.   His last conviction had been almost 12 years prior and the instant offense was Defendant's first felony conviction.   The Court noted Defendant was married with five children and had anxiety and depression and had recently started mental health counseling on his own.   Defendant had previously attended counseling for a year and had a lengthy employment history.   On June 21, 2018, the Court sentenced Defendant to imprisonment of 49 days time served, followed by three years of supervised release, with fifteen months of that time on home detention with electronic monitoring.

On February 26, 2019, the Court granted Defendant's request to modify the conditions of release to remove Defendant's ankle monitor.   Defendant violated his conditions of supervised release on two occasions—April 28, 2019 and March 9, 2020—by consuming alcohol.   The Court did not take action either time.

Two years and seven months into his supervised release, Defendant filed his motion to terminate his supervised release.   For the reasons set forth below, the Court denies Defendant's motion.

## II.   Applicable Law

Pursuant to 18 U.S.C. § 3583(e)(1), a sentencing court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice."   "Whether to grant a motion to terminate a term of supervised release under § 3583(e)(1) is a matter of district court discretion."   *Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012).   The district court must consider the § 3553(a) sentencing factors before terminating a term of supervised release.   18 U.S.C. § 3583(e).   After considering the § 3553(a) factors, the court examines whether the defendant's conduct warrants early termination and whether the early termination of supervised release is in the interests of justice.   *Id.*   Finally, the district court exercises its discretion in granting or denying the motion for early termination.   *Id.*; *see also United States v. Gutierrez*, 925 F. Supp. 2d 1196, 1200 (D.N.M. 2013).

## III.   Analysis

The factors in 18 U.S.C. § 3553(a) do not counsel in favor of early termination of supervised release.   Nor does Defendant's conduct warrant early termination of supervised

release.   Moreover, granting Defendant's motion for early termination is not in the interests of justice.   The Court addresses each in turn.

Defendant's criminal history and the circumstances of the offense support the Court's decision to deny Defendant's motion for early termination.   Under 18 U.S.C. § 3553(a)(1), the Court considers the circumstances of the offense and Defendant's history and characteristics. Possession of an unregistered sawed-off shotgun is a serious crime.   Defendant's guideline range of imprisonment was 30 to 37 months.   Recognizing the unique history and characteristics of Defendant, the Court granted a variance at sentencing to time served—a total of forty-nine days— to be followed by three years of supervised release, fifteen months of which the Court ordered Defendant serve on home confinement.   Supervised release "fulfills rehabilitative ends, distinct from those served by incarceration."   *United States v. Johnson*, 529 U.S. 53, 59 (2000).   In crafting Defendant's sentence, the Court carefully considered the length of supervised release and determined three years to be sufficient, but not greater than necessary.   The Court granted a generous variance at sentencing to account for Defendant's history and characteristics and the circumstances of the offense.   No circumstances have changed in the past three years to alter the Court's opinion about the appropriate length of supervised release.

Indeed, Defendant's three-year supervised release is warranted.   The Court considers, under 18 U.S.C. 3553(a)(2)(A)–(D), whether the sentence imposed reflects the seriousness of the offense, deters Defendant from committing further offenses, protects the public, and provides Defendant with needed training and care.   The three-year term of supervised release reflects the seriousness of the offense.   It deters Defendant from committing further offenses.   Moreover, the continuation of Defendant's term of supervised release serves to protect the public.   Defendant

possessed an unregistered firearm.   The Court finds that terminating Defendant's three-year term of supervised release early would not serve to protect the public.   Defendant's imposed sentence is warranted, and the Court therefore denies Defendant's motion for early termination.

Additionally, Defendant's conduct does not justify the early termination of his three-year term of supervised release.   Defendant has violated the terms of his supervised release twice and on both occasions, the violation only came to the Court's attention via reports by Defendant's state probation officer to officers of United States Probation and Pretrial Services. Ultimately the violations counsel against early termination of his supervised release.[1]  *See Gutierrez*, 925 F. Supp. 2d at 1202 ("The early termination of supervised release probably requires, at a minimum, that the defendant has a spotless record on supervised release.").   The Court concludes that Defendant will continue to benefit from supervised release.

The Court does not find that granting Defendant's motion for early termination is in the interest of justice.   Defendant has less than one year remaining on his term of supervised release. Defendant has not presented compelling reasons for why granting the motion for early termination is in the interest of justice, and, thus, the Court DENIES the motion for early termination.

IT IS SO ORDERED.

---

[1] The Court does not intend to suggest that Defendant has not made substantial efforts to comply with the terms of supervised release. But substantial compliance, in the Court's opinion, does not justify early termination.   Indeed, on both occasions where Defendant violated the terms of his supervised release, the Court chose not to take action based upon Defendant's substantial compliance and straightforward admission to the violative conduct.

Entered for the Court
this the 22nd day of March, 2021

/s/ Joel M. Carson III_____
Joel M. Carson III
United States Circuit Judge
Sitting by Designation